UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEF R. OAKES,<br>　　　　Petitioner,<br>　v.<br>STEPHEN SMITH,<br>　　　　Respondent. | Case No. 25-cv-03509-EKL<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He paid the filing fee on November 5, 2025.

## I.　BACKGROUND

A jury found petitioner guilty of murder, participation in a criminal street gang, and other crimes. *People v. Cruz*, No. H047687, H047386, 2024 WL 4579257, at *1 (Cal. Ct. App. Oct. 25, 2024). Petitioner was sentenced to a prison term of life without the possibility of parole, "consecutive to 25 years to life, consecutive to 2 years." *Id*. at *5. The California Court of Appeal reversed the convictions for gang participation, gang-related special circumstances, and gang-related enhancements, but otherwise affirmed the conviction finding that there was no error at trial. *Id*. at *1. The California Supreme Court denied review. ECF No. 1 at 3.

## II.　DISCUSSION

### A.　Standard of Review

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The

court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred in denying his motion to exclude an unduly suggestive photo line-up; (2) the accomplice testimony of another individual was not adequately corroborated; and (3) the trial court violated his federal rights by not properly applying California Assembly Bill 333. Liberally construed, these claims are sufficient to require a response. To the extent petitioner also argues that the state courts failed to follow state law with respect to bifurcation, any such claim is denied. The California Court of Appeal cited to state law in denying the claim, and the California Supreme Court denied a petition for review. Even if the state courts erred in their interpretation of state law, petitioner is not entitled to federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

## III. CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 28 days of his receipt of the answer.

3. In lieu of filing an answer, respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition within 14 days after petitioner's opposition is served and filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. Petitioner must also keep the Court and respondent informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action without prejudice.

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted, provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: November 17, 2025

Eumi K. Lee
United States District Judge